Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3806 | **DATE** | 7/26/2010 |
| **CASE TITLE** | Anthony McNeal (#B-34835) vs. Warden Guy Pierce, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's "motion of compliance" [#10] is granted. However, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for a writ of habeas corpus is summarily dismissed on preliminary review as time-barred. The case is terminated. The petitioner's motion for appointment of counsel [#4] and motion for an opportunity to reply to the Attorney General's response [#5] are denied as moot.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Anthony McNeal, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 1992 convictions for first degree murder and armed robbery on the grounds that: (1) trial counsel was ineffective in that he failed to investigate the petitioner's alibi witnesses; (2) appellate counsel was ineffective in electing to pursue an actual innocence theory on a "patently erroneous" basis; and (3) the petitioner was denied a fair trial because the State introduced evidence concerning the petitioner's exercise of his right to remain silent following his arrest.

The petitioner has paid the statutory filing fee as directed, *see* Minute Order of June 24, 2010, and responded to the court's order to show cause. However, having considered the petitioner's response, the court remains satisfied that the petition is barred by the one-year statute of limitations.

As discussed in the court's previous order, 28 U.S.C. § 2244(d)(1) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year runs from the latest of several dates, including: (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if **(CONTINUED)**

mjm

the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ." 28 U.S.C. § 2244(d)(2).

As the petitioner concedes, the Illinois Supreme Court denied his request for direct review on December 6, 1995, thus ending the appeal process. The petitioner's pursuit of collateral relief by way of the post-conviction process was finalized in December 1998. The federal petition for a writ of habeas corpus now before the court was received on June 18, 2010, more than eleven years after the petitioner's direct and collateral attacks in state court were exhausted.

The court did not "overlook" the petitioner's second post-conviction petition filed in November 2000. By that time, the one-year limitation period had already expired. Whether or not the State entertained the second petition and decided the matter on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). Properly filed applications for post-conviction relief in state court "**exclude** particular time from the year, not **restart** that year." *Id.* at 943 (emphasis added). "A state proceeding that does not begin until the federal year has expired is irrelevant." *Ibid.*

The petitioner has not identified any facts that would toll the one-year period of limitations. Under the judge-made doctrine of "equitable tolling," the court may excuse a petitioner's failure to file his § 2254 petition within the limitations period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). In other words, a district court may entertain a petition that is untimely filed when, due to extraordinary circumstances beyond a petitioner's control, he cannot reasonably be expected to file his suit on time, *see Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996), and thus the " 'principles of equity would make [the] rigid application [of a limitation period] unfair.' " *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998) (*quoting Shendock v. Dir., Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462-64 (3d Cir. 1990) (*en banc*)).

Here, the petitioner points to no obstacle that prevented him from pursuing federal habeas relief. To the contrary, the petitioner did, in fact, file a previous–and timely–federal habeas petition, *see McNeal v. Page*, Case No. 99 C 7454 (N.D. Ill.); however, he voluntarily dismissed the earlier case.

In sum, the court finds that the petitioner has not provided a basis for equitable tolling. The court therefore finds that the petition for a writ of habeas corpus must be dismissed as time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.